UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BERNARD TITTI SAMBA,

*Petitioner,*

v.

JOHN ASHCROFT, United States
Attorney General,

*Respondent.*

No. 03-1267

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-353-376)

Submitted: December 10, 2003

Decided: December 23, 2003

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, James E. Grimes, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bernard Titti Samba, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

In his petition, Samba first challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Samba fails to show the evidence compels a contrary result.

Additionally, we uphold the immigration judge's denial of Samba's applications for withholding of removal and protection under the Convention Against Torture, both of which require the applicant to make a more stringent showing to qualify for relief. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003). Because Samba fails to show he is eligible for asylum, he cannot meet the higher standards for withholding of removal or protection under the Convention Against Torture.

Finally, Samba contends he was denied due process because the Board failed to consider on appeal new evidence not raised before the immigration judge. We find this claim is without merit.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*